### SYMONDS v. GREENE and others.

*(Circuit Court, S. D. New York.    October 15, 1886.)*

1. TRADE-MARK—INFRINGEMENT—PRELIMINARY INJUNCTION—"EUREKA"—FORMER DECREES.

    A preliminary injunction should be granted to protect the use of the word "Eureka," used by plaintiff to designate a kind of steam-packing made by him, upon a showing that the plaintiff had used the name since 1875, although another firm used it to a limited extent for another kind of packing from 1872 to 1874; especially when plaintiff has had two decrees establishing his right to the name as a trade-mark in the locality where the former use thereof occurred.

2. COURTS—UNITED STATES CIRCUIT COURT—JURISDICTION—AMOUNT IN DISPUTE —INFRINGEMENT OF TRADE-MARK—PROFITS.

    In a suit to restrain the infringement of a trade-mark, the amount in dispute, as determining the jurisdiction, does not depend on the profits sought to be recovered.

In Equity.    Motion for a preliminary injunction to restrain the use of the word "Eureka."

*Sanford H. Steele*, for plaintiff.
*W. H. L. Lee*, for defendants.

WHEELER, J.    This is a motion for a preliminary injunction to restrain the use of the word "Eureka," in trade, in connection with steam and hydraulic packing.    There is no question but that the orator commenced using that name for packing made by him in 1875, and has continued that use since that time, nor but that the defendants use that name in connection with that kind of packing, not of the orator's make in trade; nor but that a firm known as Sellers Bros. gave that name to a kind of steam-packing patented by William Beschke in 1872, at Philadelphia, and used it in connection with that packing until early in 1874; nor but that the profits on the sales of defendants are much less than $500.

The defendants insist that the motion should be denied for want of jurisdiction of the cause in this court; because of the use of the name by Sellers Bros.; and because the name indicates a class of those goods, instead of representing them to be the orator's.

As jurisdiction is not given to this court in this class of cases, except where the matter in dispute exceeds the sum or value of $500, there would be difficulty in maintaining the jurisdiction if the profits to be recovered were the measure of the orator's rights involved; but that is not so understood.    An injunction may be of much greater value to the orator than any amount he may show himself entitled to,

and it cannot be said now that such value may not exceed the limit required.

The use of that name by Sellers Bros. was so long ago, and so limited, that it cannot fairly be considered to now have any effect upon the indication by it of the source of goods to which it has for so many years since been applied. When the orator first began to use it, it might have indicated that the goods were Sellers Bros., and might not, but now it would not indicate to any one in the trade that the goods were Sellers Bros., nor would the fact of their former use of it now confuse its signification. It is not applied to the kind which Beschke patented,—to indicate that kind of goods,—and does not appear to be a name which any class of goods has acquired, and does not appear to be the trade name of the plaintiff's goods. Still, if the plaintiff adopted the name on account of value which it had acquired from its use by Sellers Bros., he would not appear to have any just right to it now which a court of equity ought to protect. But Sellers Bros. terminated their contract with the patentee apparently on account of its unprofitableness. The plaintiff did not take up that manufacture, but commenced making a different kind, and there is not enough in the case to show that he appropriated the name wrongfully when he took it.

The plaintiff has had two decrees in the courts of Pennsylvania establishing his right to this name as a trade-mark, as against others, for his packing; and these cases were instituted at Philadelphia, where the use of the name by Sellers Bros. was principally had, and where that defense could have been made if available.

On the whole case as it now stands, the orator appears to be entitled to the injunction asked. Motion granted.