## HOSTETTER Co. *v.* BRUEGGEMAN-REINERT DISTILLING Co.

*(Circuit Court, E. D. Missouri, E. D.* May 9, 1891.)

TRADE-MARK—INFRINGEMENT—INJUNCTION.

On bill for injunction it appeared that complainant was engaged in the manufacture and sale of "Hostetter's Bitters," and is the owner of the trade-marks, brands, labels, etc., used in connection with such sale; that defendant manufactures an article of bitters closely resembling Hostetter's Bitters in appearance and flavor, which it sold in bulk to its customers, advising them at the same time to refill bottles that originally contained Hostetter's Bitters with the spurious article, and put them on the market as genuine; that in all probability the plaintiff had been thereby to some extent damaged, and the public deceived. *Held,* that, though defendant did not itself use plaintiff's labels and bottles, still in advising its customers it was guilty of a wrong which a court of equity will enjoin.

In Equity. On bill for injunction.
*George Dennison* and *M. L. Gray,* for complainant.
*H. B. Davis,* for defendant.

THAYER, J. The complainant is engaged in the man  facture and sale of Hostetter's Bitters, and is the owner of the trade-marks, brands, labels, etc., used in connection with the sale of such bitters. It charges that defendant has sold and intends to sell, "as and for Hostetter's Bitters," a spurious article or preparation of bitters, not manufactured by the complainant, with intent to deceive the public, and to deprive the complainant of a portion of its patronage, and of profits that it would otherwise realize by the sale of the genuine article. The proof does not establish that defendant has itself sold a spurious article of bitters put up in bottles made in imitation of those in use by complainant, or that it has counterfeited the complainant's labels, trade-marks, etc.; but the proof does show that defendant manufactures an article of bitters which closely resembles Hostetter's Bitters in appearance and flavor, and that it has sold the same in bulk to its customers, advising them at the time of such sales to refill bottles that originally contained Hostetter's Bitters with the spurious article, and to put the bottles thus refilled on the market as containing genuine Hostetter's Bitters. It is most probable, I

think, that in accordance with such counsel and advice a spurious article has been sold by some of defendant's customers, in the manner last described, and that complainant has been thereby damaged to some extent, and that the public has been deceived. Under these circumstances I think the complainant is entitled to an injunction restraining the defendant from selling a spurious article of bitters as and for Hostetter's Bitters. Customers of defendant, who have thus been advised and induced to use genuine bottles and labels in the manner above mentioned, are clearly guilty of a wrongful act which a court of equity will enjoin; and a person who counsels and advises another to perpetrate a fraud, and who also furnishes him the means of consummating the same, is himself a wrong-doer, and, as such, is liable for the injury inflicted. *Société Anonyme, etc.*, v. *Western Distilling Co.*, 42 Fed. Rep. 96. The defendant cannot shield itself from an injunction by the plea that it has not itself sold a spurious article in a false dress. The fact that it has advised its customers to perpetrate a fraud of that description, and that it has furnished them the spurious article, and that some of its customers have probably acted on the suggestion, is sufficient to render them liable to an injunction. A restraining order will be awarded at defendant's cost.