## Cuervo v. Jacob Henkell Co. et al.

### (Circuit Court, S. D. New York. March 14, 1892.)

1. Trade-Mark—Infringement—Injunction.
   A cigar manufacturer, to protect his trade-mark, may have an injunction restraining a box maker from furnishing boxes with those trade-marks to other cigar manufacturers, and against all who knowingly combine for that purpose.
2. Same—Defenses—Infringement by Others.
   It is no defense that Spanish labels similar to such trade-mark had been used by various manufacturers for many years, nor that imitations of the trade-marks were sold or used, in the absence of evidence that it was with the consent or acquiescence of the owner.

In Equity. Bill by G. Garcia Cuervo against the Jacob Henkell Company and others for infringement of trade-mark. Heard on motion for a preliminary injunction. Granted.

*Jones & Govin*, for complainant. *Wise & Lichtenstein*, for defendants.

Lacombe, Circuit Judge. There is no dispute as to the facts of this case. The complainant, a manufacturer of cigars, is concededly the owner of a trade-mark, which as an entirety is embodied in four sepa-

rate labels placed inside and outside the boxes containing his cigars. The goods thus marked and put up have obtained a wide celebrity, and for the last 25 years have had an extensive sale in this and other states of the Union. The defendants do not make or deal in cigars. They manufacture cigar boxes, which they sell to cigar makers. They also procure from lithographers labels which are almost an exact reproduction of those used by the complainant, even the signature being copied therein. That boxes, thus labeled, are so close an imitation of the packages in which complainant sells his goods, that an ordinarily careful purchaser would be deceived thereby, is not controverted. Not only do the defendants affix to their boxes the three labels which are placed thereon before packing, but with each box they also sell to their customers a fourth label, which can only be placed on the box, as complainant places it, after the box is filled and closed. Were there any conflict as to the intent of the defendants, it would be difficult to escape the conviction that they prepare these boxes for the express purpose of enabling their customers to foist upon the public goods not of complainant's manufacture, representing them to be genuine. But there is no conflict; defendants concede that they know for what purpose their labeled boxes are to be used, and that they make and sell them for that purpose. In defense it is urged that it has been for many years the custom of the cigar trade in this country to use what are known as "Spanish labels;" that labels like those complained of in this suit have been on open sale at various lithographers, and could be obtained by any one; and that nearly all the cigar box manufacturers in this city, as well as in other cities in this country, have made and sold boxes bearing labels similar to those complained of in this suit. As to the imitation of labels of other manufacturers,—"Spanish labels" generally, as defendants call them,—that is wholly immaterial. Complainant is not to be deprived of his trade-mark because other owners of other trade-marks suffer infringement without objection; and as to other imitations of his own trade-mark there is not a particle of evidence to show that these were made or sold with his consent or acquiescence. This defense has been so frequently and forcibly condemned by authority that further discussion is profitless. *Taylor* v. *Carpenter*, 3 Story, 458; 2 Woodb. & M. 7; Browne, Trade-Marks, § 685, and cases cited. Nor is there anything to the suggestion that injunction will not lie against defendants, because they do not themselves make, pack, or sell the fraudulent cigars. No doubt they may make the boxes without objection. There is no trade-mark, so far as appears, in the style, size, or shape of a cigar box. But they do much more. They procure labels counterfeiting the complainant's, and assemble these labels with their boxes, with the obvious purpose of enabling others, by the use of the labels, to palm off their goods upon the public as the goods of the complainant. Complainant is clearly entitled to an injunction against all who knowingly combine together to accomplish that purpose. *De Kuyper* v. *Witteman*, 23 Fed. Rep. 871; *Hostetter Co.* v. *Brueggeman-Reinert Distilling Co.*, 46 Fed. Rep. 188. Motion granted.