HENNESSY et al. v. HERRMANN et al.

(Circuit Court, N. D. California. October 10, 1898.)

No. 12,666.

1. JURISDICTION OF FEDERAL COURT—AMOUNT IN CONTROVERSY—TRADE-MARK SUITS.

In a suit to enjoin the further infringement of a trade-mark, and for an accounting, the amount in controversy is the value of the trade-mark to be protected, and not the amount of damages which may have been sustained.

2. TRADE-MARKS—INFRINGEMENT—SALE OF COUNTERFEIT LABELS.

The keeping for sale and selling of labels made in imitation of complainant's, with intent that they shall be used, and which are used, by the purchaser in palming off on the public, as complainant's, goods not made by him, gives a right of action for infringement.[1]

On Demurrer to Bill.

James L. Hopkins, Adolph L. Pincoffs, and Robert H. Countryman, for complainants.

Joseph M. Kinley, for defendants.

HAWLEY, District Judge (orally). The bill of complaint in this case, in its general averments, is substantially the same as in the case of Hennessy v. Braunschweiger & Co., 89 Fed. 664, but, instead of charging the sale of brandy, it alleges that the respondents herein, with the intent to assist others to palm off on the public brandy not being exported, sold, or bottled by complainants as the goods of the complainants, keep, offer for sale, and sell counterfeit labels, in imitation of complainants' labels, under the name of Hennessy & Co., and "have caused to be sold to dealers engaged in counterfeiting the bottled brandy of your orators; that the defendants sold said labels for the purpose and with the intent that they should be used, and that in fact they have been so used, in fraud of your orators' rights," etc. It is argued in support of the demurrer that the complaint is insufficient, because it does not allege that respondents are engaged in manufacturing the labels referred to; that there is no averment that the alleged acts of respondents have damaged complainants in any sum of money; and that damages to the extent of $2,000 must be alleged in order to give the court jurisdiction, etc. Can these contentions be sustained? In Re Keasbey & Mattison Co., 160 U. S. 221, 227, 16 Sup. Ct. 273, the court, in discussing the question of jurisdiction in trade-mark cases, said:

"The restriction of jurisdiction, with respect to amount, in the act of 1875, was perhaps superseded, as to trade-mark cases, by the express provisions of section 7 of the act of 1881."

But, be that as it may, the complaint in this case, with reference to the amount in controversy, is sufficient to bring the case within the jurisdiction of this court. This is a suit for an injunction and an

---

[1] As to labels intended for the deception of the ultimate purchaser, and not of the retailer, see section 4 of the note to Scheuer v. Muller, 20 C. C. A. 173, and section II. of the supplementary note to Lare v. Harper & Bros., 30 C. C. A. 380.

accounting, and in such cases the amount in dispute is the object to be gained by the bill. Jurisdiction does not depend upon the amount of damages which complainants will be entitled to recover. Fost. Fed. Prac. § 16; Symonds v. Greene; 28 Fed. 834. The property to be protected in this suit is complainants' trade-mark, and this is alleged to be of the value of $2,000.

That the acts of respondents, as alleged, constitute an invasion of complainants' rights, is well settled. In De Kuyper v. Witteman, 23 Fed. 871, the court said:

"The complainants, upon the facts shown in the bill of complaint, have a good title to their trade mark, and a case for its protection, irrespective of their statutory rights under the registration in the patent office. As the necessary diversity of citizenship exists between the parties, they are entitled to invoke the jurisdiction of this court. Upon the allegations of the bill the defendants are actively engaged in assisting third persons to use the complainants' trade-mark in violation of their rights. The mere act of printing and selling labels in imitation of the complainants' might be innocent, and, without evidence of an illicit purpose, would not be a violation of the complainants' rights. It is otherwise, however, when this is done with the obvious purpose of enabling others, by the use of the labels, to palm off their goods upon the public as the goods of the complainants."

See, also, Carson v. Ury, 39 Fed. 777; Hostetter Co. v. Brueggeman-Reinert Distilling Co., 46 Fed. 188; Cuervo v. Jacob Henkell Co., 50 Fed. 471; Von Mumm v. Frash, 56 Fed. 830, 835; Von Mumm v. Wittemann, 85 Fed. 966; Coats v. Merrick Thread Co., 149 U. S. 562, 566, 13 Sup. Ct. 966.

It is not essential that respondents should be engaged in manufacturing the labels referred to, although it would certainly be proper, if it be a fact, to so aver. The real question is whether or not they have knowingly put into the hands of the dealers of the goods, by the sale of the labels, the means of deceiving the ultimate purchasers of the brandy. All persons in any way connected with the infringement of a trade-mark are responsible to the owner for the injury done to his rights. In Von Mumm v. Wittemann, the court said:

"The defendants advertise and have sold neck and body labels bearing the name 'S. F. Mumm' and 'Perle de la Champagne' of the same color as those of complainants, and sufficiently corresponding in general appearance to deceive the ordinary purchaser. * * * It is manifest that they were designed for the purpose of enabling unscrupulous persons to palm off a spurious article upon the public, and that they are clearly within the prohibitions of law against fraud and unfair trade, whether by direct means, or through the indirect, but no less reprehensible, methods of contributory infringement."

See also, Colman v. Crump, 70 N. Y. 573, 578.

The demurrer is overruled.