Dupont M. Newbro et al., appellees, v. Andrew L.
Undeland, appellant.

Filed September 17, 1903.   No. 13,084.

1. **Trade-Mark:** Injunction: Deceit. If the manufacturer of a com-
pound or preparation according to a secret formula is himself
guilty of false or misleading representations in any material re-
spect in connection therewith, or if his trade-mark, label, or ad-
vertisements contain distinct false assertions which operate to
deceive the public as to its nature, composition or origin, he has
no standing in a court of equity, and a suit to enjoin misuse of
his trade-mark, trade-name or label is not maintainable.

2. **False Representation.** But mere statements of opinion as to its
curative properties or as to the cause of a disease, concerning
which there is a conflict of expert opinion, are not false repre-
sentations, within the meaning of the rule, even though some-
what sweeping or even extravagant.

Appeal from the district court for Douglas county:
Guy R. C. Read, District Judge.   *Affirmed.*

*Weaver & Giller,* for appellant.

*Howard H. Baldrige* and *William A. De Bord, contra.*

Pound, C.

This is a suit to enjoin the defendant, who is engaged in
the business of selling barbers' supplies at wholesale, from
adulterating a compound or preparation manufactured
and sold by plaintiffs under the name of "Newbro's herpi-
cide," or "herpicide"; from using the label, trade-mark or
bottles of the plaintiffs in the manufacture or sale of the
adulterated compound; and from using the trade-mark
of the plaintiffs in compounding mixtures or preparations
to be put on the market by the defendant.   The facts are
stated clearly and concisely in the special findings of the
trial court.   The court found that the Newbro Drug Com-
pany, being the owner of the trade-name "Newbro's herpi-
cide" and of the trade-name "herpicide," as applied to a
liquid application for the hair, and also of a secret formula

used in compounding such preparation, sold and trans-
ferred said formula to the plaintiffs and also sold and
transferred to them the trade-name "Newbro's herpicide"
and the trade-name "herpicide," which names had been in
use by plaintiffs and their assignor for more than two years
prior to the bringing of suit; that the plaintiffs are the
sole and exclusive owners of said trade-names "Newbro's
herpicide" and "herpicide" and are entitled to the sole
and exclusive use of said trade-names as applied to a
liquid application for the hair; that said names are well
known in business, have been extensively advertised and
large quantities of said preparation sold thereunder, and
that said names are of considerable pecuniary value to the
plaintiffs; that the defendant is engaged in the business
of selling barbers' supplies, and for some months prior
to the commencement of this suit, through his clerks and
employees, has made, prepared and compounded a prep-
aration similar in appearance to said Newbro's herpicide
and sold the same in original bottles of the plaintiffs,
which had contained the original compound manufactured
by the plaintiffs, with original printed "herpicide" labels
thereon, and also with labels thereon containing the word
"herpicide" which were intended to deceive the trade and
the public in general; that the defendant, having com-
pounded and prepared a preparation resembling plaintiffs'
herpicide in appearance, but which was not genuine herpi-
cide, had for some months prior to the bringing of suit sold
and placed upon the market for sale, under the label and
trade-name of the plaintiffs, said spurious compound and
preparation, for the purpose of deceiving the public and
leading them to believe that they were purchasing the
preparation of the plaintiffs which the plaintiffs had pre-
pared and sold under the name of "Newbro's herpicide"
and "herpicide." The court further found that the rep-
resentations made by the plaintiffs on their labels and
advertisements were not false or fraudulent, and, in par-
ticular, that the statements upon such labels and adver-
tisements that dandruff was caused by microbes or para-

sites and that said preparation would cure baldness, and the address thereon, "Newbro Drug Co., 68 West Broadway, N. Y.," were not false or fraudulent and were not intended to deceive. Decree was thereupon entered for the plaintiffs, substantially as prayed, from which the present appeal is taken.

The principal contention of the appellant is that the plaintiffs are entitled to no relief by reason of certain statements upon their printed labels and in their advertisements, which appellant claims are false and misleading and have the effect of deceiving the public. The principle governing such cases is well stated in the recent case of *Worden v. California Fig Syrup Co.*, 187 U. S. 516, in which the authorities are collated and discussed. In that case, Mr. Justice Shiras puts the rule thus:

"When the owner of a trade-mark applies for an injunction to restrain the defendant from injuring his property by making false representations to the public, it is essential that the plaintiff should not, in his trade-mark or in his advertisements and business, be himself guilty of any false or misleading representation, and if he makes any material false statement in connection with the property which he seeks to protect, he loses his right to claim the assistance of a court of equity; and where any symbol or label claimed as a trade-mark is so constructed or worded as to make or contain a distinct material assertion which is false, no property can be claimed on it, or in other words, the right to the exclusive use of it can not be maintained."

The statements upon plaintiffs' label to which appellant particularly calls attention are that plaintiffs' preparation is "the only remedy known that positively stops the hair falling out," that it is "a new scientific discovery," and that it "cures dandruff, baldness and all diseases of the scalp by destroying the microbes or parasites to which all diseases of the scalp are due." The defendant challenges, also, the address upon the label, "Newbro Drug Co., 68 West Broadway, N. Y." It will be observed that

the only statements of fact in this label are the address and possibly the claims that plaintiffs' preparation destroys microbes and parasites to which diseases of the scalp are due and that such diseases are caused by microbes or parasites. As to the address, it appears that the plaintiffs had an office in New York at the place named, but that their factory and principal place of business was at Butte, Montana. The label does not purport to say where the preparation is manufactured, or that its ingredients come from any particular place, or that any special virtue results from manufacture or preparation in one place rather than another. The address is obviously intended merely to notify the public where the manufacturers and proprietors may be reached, and the choice of a great business center for an office for this purpose is natural and in no way calculated to deceive. There is a considerable amount of expert evidence in the record with reference to the causes of dandruff and baldness. The most that can be said with reference to this evidence is that it shows a conflict of opinion among experts upon the subject. It appears that some eminent authorities hold that dandruff is the result of a germ or parasite and that statements to this effect are to be found in reputable, if not authoritative, textbooks. So long as the question is an open one, we fail to perceive wherein there is any fraud in the plaintiffs' advertising that they cure diseases of the scalp by killing the germ or parasite by which such diseases are produced. It appears in evidence beyond contradiction that some of the principal ingredients of plaintiffs' preparation are germicides and have the effect of killing microbes and parasites, such as, according to the plaintiffs' claim, cause the diseases in question. Those who believe that such diseases are caused by parasites will not be deceived by the plaintiffs' statements. Those who do not so believe, seeing that plaintiffs claim only to kill the germs or microbes and do not pretend to cure the diseases in any other manner, are certainly in no danger of deception. In view of the expert evidence, there appears no reason to think that

plaintiffs' claims in this respect are dishonest or fraudulent. The statements that the preparation is a "new scientific discovery," that it cures "all diseases of the scalp" and that it is the only known remedy "that positively stops the hair falling out," are clearly mere statements of opinion. They are possibly somewhat sweeping or even extravagant. But they do not transcend the ordinary limits of what is usually considered fair advertising; and in a time when not merely superlatives, but the utmost resources of vocabulary are scarcely able to meet the demands of every day advertisements, are clearly innocuous. In *Samuel Bros. & Co. v. Hostetter Co.*, 118 Fed. 257, the court say:

"It is argued that no one preparation can possibly be a remedy for the numerous and divers ills for which the label declares this preparation to be adapted, and that the evidence for the appellant shows that a preparation containing so large a percentage of alcohol is contra-indicated for many of those ailments. The court will not attempt a minute investigation of this field of inquiry. It is one upon which the experts differ. * * * The argument that it is a quack medicine, and that it is injurious to the human system, and is contra-indicated for some of the ailments which it purports to cure, comes with ill grace from those who imitate it as closely as they may without possessing a complete knowledge of its formula, and by unfair trade sell the simulated article as and for the genuine."

The evidence shows that the defendant has been engaged in adulterating the plaintiffs' preparation, in using bottles which had formerly contained such preparation, with their original labels, for the purpose of selling a preparation of his own, and in selling the adulterated preparation and a different compound, which he himself prepared, to persons who applied to him for the plaintiffs' herpicide. We think the decree of the district court is right and should be affirmed.

Newbro v. Undeland.

It is therefore recommended that the decree be affirmed.

DUFFIE and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.