### AMERICAN INSULATION CO. v. ETERNIT ROOFING CORPORATION et al.

(District Court, E. D. New York. July 2, 1926.)

No. 2605.

**Trade-marks and trade-names and unfair competition ⬌59(1), 70(1)—Use by customer of complainant's trade-mark in its corporate name held infringement and unfair competition.**

An importer of asbestos shingles, which it sold to contractors and builders, under the registered trade-mark "Eternit," held entitled to an injunction restraining a customer from using "Eternit" in its corporate name as an infringement of trade-mark, and also, in connection with its business, as unfair competition, in that it tended to induce belief that complainant was competing with its customers.

In Equity. Suit by the American Insulation Company against the Eternit Roofing Corporation and another. On motion for preliminary injunction. Granted.

Merrell E. Clark, of New York City, for plaintiff.

Simon Sverdlik, of New York City, for defendants.

MOSCOWITZ, District Judge. This is a motion for an injunction pendente lite, restraining the defendants from certain alleged acts of infringement and unfair competition relating to the use of the word "Eternit," and particularly restraining the defendants from continuing to carry on business connected in any way with building or roofing materials under a corporate name which includes the word "Eternit," or any such other resemblance thereto as will be liable to deceive the public or to cause confusion.

Plaintiff had been engaged prior to January 2, 1924, and still is engaged, in the business of importing and selling asbestos shingles, used for roofs and dwellings and other buildings. The word "Eternit," adopted by the plaintiff, was registered by the plaintiff in the United States Patent Office as its trade-mark for asbestos shingles, which it imports and sells; said registration having been effected July 14, 1924. It appears that such trade-mark has been continuously used by the plaintiff since its adoption, has never been abandoned, and has been applied to the shingles themselves, or to tags attached to the shingles. Since the adoption of the said trade-mark, the plaintiff has expended in advertising Eternit shingles more than $500,000, and, as a result of the advertising, it has built up a substantial business.

Plaintiff is not engaged in the roofing business. Its shingles are sold by contractors, builders, and repair men. One of the purchasers of plaintiff's shingles had been the defendant A. A. Roth. He first bought Eternit shingles from the plaintiff on or about March 24, 1925. The plaintiff continued to sell Eternit shingles to Roth, or to a corporation in which he was interested, until about May 12, 1926, prior to which date Roth, together with others, had organized the Eternit Roofing Corporation, one of the defendants herein.

The defendant Eternit Roofing Corporation is a corporation organized under the laws of the state of New York, and was incorporated on or about April 26, 1926, for the purpose, among others, of engaging in the cornice, tinsmith, skylight, and roofing business generally, and of manufacturing, purchasing, selling, dealing in, and distributing supplies and materials of all kinds used or intended for use in the cornice, skylight, tinsmith, and roofing business. Since the incorporation of the Eternit Roofing Corporation, it has sold under that name, not only Eternit shingles purchased from the plaintiff, but also building and roofing materials not sold or made by the plaintiff.

The name "Eternit," as a part of the cor-

porate name of the defendant Eternit Roofing Corporation, is misleading and confusing to the public, and the use of the trade-mark Eternit by the defendants is additionally harmful to the plaintiff, as the plaintiff has refrained from entering into the business of applying shingles to roofs, because by so doing it would place itself into direct competition with its customers, who buy its shingles and who apply them. The Eternit Roofing Corporation applies shingles as a business. This may lead the plaintiff's customers to believe that the plaintiff or some one connected with it is competing with them.

An injunction pendente lite will not be granted, unless the proof is clear and convincing, as it practically results in an adjudication of the rights of the parties. However, in this case, I am of the opinion that the Eternit Roofing Corporation was organized for the purpose of making use of plaintiff's valuable trade-mark Eternit. Plaintiff is entitled to the protection of the laws against infringement.

The motion will be granted, restraining the defendants from further acts of infringement and from unfair competition relating to the use of the use of the word "Eternit," and restraining the defendants from continuing to carry on business connected in any way with building or roofing materials under any name which includes the word "Eternit."

Settle order on notice.