HOSTETTER CO. v. WILLIAM SCHNEIDER WHOLESALE WINE & LIQUOR CO.

(Circuit Court, E. D. Missouri, E. D. November 8, 1900.)

No. 4,109.

UNFAIR COMPETITION—INJUNCTION.

Unfair competition, which entitles complainant to an injunction, is shown by proof that defendant sold to a representative of complainant bitters which it represented to be those of complainant, but which were not, but were an inferior article, and that defendant also furnished to the purchaser at his request an empty bottle of complainant having its labels thereon.[1]

In Equity. Suit to enjoin unfair competition.

Albert H. Clark and L. Frank Ottofy, for complainant.
E. J. O'Brien, for defendant.

ADAMS, District Judge (orally). The case of the Hostetter Company against the William Schneider Wholesale Wine & Liquor Company is an action brought by the plaintiff, the Hostetter Company, which claims, and the proof shows it, to have been engaged for nearly half a century in the manufacture of what is known as "Hostetter's Stomach Bitters" under a certain formula which the company acquired from its ancestor, the original inventor or discoverer of the same; and it appears from the proof in this case that this company has been engaged all of this time in an effort to establish its business, and has created a wide field for the sale of its goods, and has been engaged in the manufacture and sale of this class of bitters to the trade throughout the country. This action is in the nature of an action for unfair competition in trade. Plaintiff charges that defendant is handling a material or substance similar to the genuine Hostetter Stomach Bitters, and delivering the same to its customers in such a way and manner as to deceive the public, and is such an effort to palm off the inferior goods of the defendant as and for the

[1] Unfair competition in trade, see notes to Scheuer v. Muller, 20 C. C. A. 165, and Lare v. Harper & Bros., 30 C. C. A. 376.

goods of the plaintiff, the genuine Hostetter Stomach Bitters, as to constitute within the law unfair competition in business.

The evidence in this case fully sustains the allegations of the bill. The evidence shows beyond any kind of question that the representative of the plaintiff company had reason to suspect that the defendant was transacting business of the nature complained of, and that said representative went to the defendant's place of business and asked for Hostetter's Stomach Bitters. The defendant, through its secretary and treasurer, in response to the request, stated that it had Hostetter's Stomach Bitters, and was prepared to deliver them, and as a matter of fact did deliver to him what defendant represented to be Hostetter's Stomach Bitters. It turned out that the bitters so delivered by the defendant to the representative of the plaintiff were not Hostetter's Stomach Bitters, but an inferior kind of bitters; and, although they were billed to plaintiff's representative as "Aromatic Bitters," it was an attempt to deliver the goods of the defendant as and for the goods of the plaintiff. This is more particularly manifest, and I think it is shown beyond any question, by the fact, which appears in evidence, that the secretary and treasurer of the defendant company was asked if he had any empty Hostetter's Bitters bottles, and he replied that, while he ordinarily kept them on hand, he did not believe he had any at that time, but could get them. He went out and procured a genuine Hostetter's Stomach Bitters bottle, with the white label on one side, and the black label with gold letters on the other, having the words "Dr. J. Hostetter's Stomach Bitters" blown in the bottle, and delivered the same to the representative of plaintiff, who had bought the bitters above referred to. That act was certainly very difficult for the defendant to attempt to explain,—why the defendant's agent or servants procured this empty bottle, and delivered it to the representative of the plaintiff. It seems to me that all attempts at explanation fail utterly. It was beyond any doubt, as was testified by the witnesses for the complainant in this case, for the purpose of permitting those persons to put this article— this spurious article of bitters—into a genuine Hostetter's Bitters bottle, and sell the same, over the counter or otherwise, as and for the genuine material manufactured and sold by the plaintiff.

I think this case presents a clear case of unfair competition in trade, and the doctrine rests squarely upon the proposition that men must be honest in their business transactions, and rely upon the merits of their own goods, and not undertake to palm off inferior goods as and for goods of the genuine manufacturer, such as this case shows. A decree will be entered in this case enjoining the defendant from transacting business in the way and manner in which the evidence shows he has been doing.