## HOSTETTER CO. v. BRUNN.

### (Circuit Court, S. D. California. February 26, 1901.)

### No. 908.

UNFAIR DEALINGS IN TRADE—INJUNCTION.

Proof that on two occasions, at the instigation of complainant, defendant's employé sold to complainant's agents, in bulk, bitters resembling those sold by complainant, and advised them to put the same in empty bottles which had been used for complainant's bitters, and to sell the same as complainant's bitters, does not prove a course of wrongdoing on the part of defendant which should be enjoined, as against proof to the contrary and evidence that defendant repudiated the act of his employé.[1]

E. Edgar Galbreth, for complainant.

E. R. Annable, for defendant.

WELLBORN, District Judge. Complainant has not, in my opinion, shown itself entitled to the relief it seeks, namely, an accounting by and an injunction against the defendant restraining him from a course of unfair dealing in trade. The sixth paragraph of the bill indicates the nature of the suit, and is as follows:

"Sixth. Your orator further shows unto your honors that the defendant, well knowing the premises, and the popularity and great value of the said stomach bitters, and desiring to reap the benefits from the trade so created and enjoyed by your orator in said stomach bitters, through the expenditures, energy, and honest dealing of your orator, has sold and is now selling, and your orator has reason to believe intends to continue to sell, at his place of business as aforesaid, an article of stomach bitters compounded or made to resemble the stomach bitters of your orator, in color, taste, and smell, as near as may be, and sell the same in the following manner: When an intending purchaser of the bitters, so made and sold by your orator, calls at defendant's place of business and demands or asks for 'Hostetter's Stomach Bitters,' defendant sells to him stomach bitters as above described, at $4 a gallon, delivered in demijohns or in jugs, and at the same time of such sales, he (said defendant) counsels and advises said purchaser to place his (said defendant's) bitters, so sold in bulk, in the empty bottles which once contained your orator's stomach bitters, and still retain the labels 'A' and 'B,' and, when so refilled, to sell the same to consumers and to others as and for 'Hostetter's Stomach Bitters,' meaning the stomach bitters so made and sold by your orator, in bottles as aforesaid, only. Your orator further says that he is informed, believes, and expects to be able to prove at the trial of this case, that defendant actually supplies such purchaser of his imitation or counterfeit Hostetter's Bitters with the said empty bottles, and also refills such bottles with his bogus bitters, and sells the same at 65 cents each, so refilled."

The only transactions proven, or attempted to be proven,—two in number, I think,—were instigated by complainant, and took place between an employé of the defendant and complainant's agents. The defendant himself repudiates said transactions, and denies positively that he authorized them, or that any similar ones occurred or were ever contemplated by him in his business. The small quantity of liquor in defendant's store which could have been used in unfair competition, less than five gallons, and the long time it remained

[1] Unfair competition in trade, see notes to Scheuer v. Muller, 20 C. C. A. 165, and Lare v. Harper & Bros., 30 C. C. A. 376.

on hand, five years, are corroborative of defendant's testimony. Undoubtedly, an employer is responsible for the conduct of his employé; but that is not the principle involved in this case.

The question here presented may be stated thus: Will the court, from unauthorized acts of an agent, conclusively presume against the principal a corresponding custom, where the existence of such a custom is negatived by other adequate proofs? This question, it seems to me, must be answered in the negative. The contrary view is not supported by the cases which complainant cites for that purpose, respectively, in his opening and closing briefs, namely: Hostetter Co. v. William Schneider Wholesale Wine & Liquor Co. (in the Eastern district of Missouri) 107 Fed. 705, and Hostetter Co. v. Brueggeman-Reinert Distilling Co. (C. C.) 46 Fed. 188. In neither of said cases was there proof that the defendant repudiated the conduct of his employé, and that the transactions testified to were the only ones of the sort that ever occurred in defendant's business, while in the latter case the evidence showed, not merely two transactions with representatives of the complainant, but a persistent course of unfair competition, with reference to which the court said:

"But the proof does show that defendant manufactures an article of bitters which closely resembles Hostetter's Bitters in appearance and flavor, and that it has sold the same in bulk to its customers, advising them at the time of such sales to refill bottles that originally contained Hostetter's Bitters with the spurious article, and to put the bottles thus refilled on the market as containing genuine Hostetter's Bitters. It is most probable, I think, that in accordance with such counsel and advice a spurious article has been sold by some of defendant's customers in the manner last described, and that complainant has been thereby damaged to some extent, and that the public has been deceived."

I am of the opinion that the transactions above mentioned between the agents of complainant and defendant's employé, which were directly instigated by complainant, and not authorized, but repudiated, by defendant, are not facts from which may be inferred, against proof to the contrary, a course of wrongdoing on the part of the defendant which should be enjoined. The bill will be dismissed.