## STERN FURNITURE CO., Plaintiff-Appellee, v. STERN, et, Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20810. Decided June 21, 1948.

Sidney N. Weitz, Cleveland, for plaintiff-appellee.
Gabriel Leeb, for defendant-appellants.

**OPINION**

By SKEEL, J.

This appeal comes to this court on questions of law and fact from the common pleas court of Cuyahoga county. The plaintiff appellee seeks to enjoin the defendant appellants from using the names "Stern" "Stern Furniture" "Stern Bros." or "Stern Bros. Co." in connection with their retail furniture and household appliance business.

The plaintiff, The Stern Furniture Company, has been in the furniture business at its present location at 7734 Broadway, or within a few doors of that location since 1911. There is some evidence tending to show that Sam Stern, the founder of The Stern Furniture Company, also ran a department store close to his furniture business, under the name of Stern, but that such business was closed out and the furniture business moved into the building occupied by the department store. In all events, The Stern Furniture Company has continued in about the same location for thirty-six years. During that period of time, through its policy of merchandising and the expenditure of about two hundred thousand dollars for advertising, the company has become well known in the general district in which it is located as a retail supplier of furniture.

The defendants, Henry Stern and Eugene Stern as partners, now doing business under the name "Stern Brothers Appliance & Furniture Company" on occasions using in advertising and otherwise the name of "Stern Brothers" and "Stern Brothers Furniture Company", started in the household appliance business at 5420 Broadway in the year 1939. This location is about a mile from the location of plaintiff, and, as is evident from addresses given, is on the same street.

The defendants, Henry and Eugene Stern's family name was Sternberg. Some members of the family, for business purposes, began in 1931 to shorten their name to "Stern." By 1936 the defendants, Henry and Eugene Stern had begun

the use of the shorter name and were known by that name in some of their business relationships. In 1939 Eugene and Henry Stern opened the "Stern Brothers Appliance Company" at 5420 Broadway, confining the enterprise to household appliances. In 1941 they added a line of furniture and in 1943 and thereafter, in advertising, used the name "Stern Brothers Furniture Company" and on occasions the name "Stern Brothers."

Henry and Eugene Stern, and the members of their families, in 1941 by action of Probate Court, changed their surnames to Stern, giving the reason for requesting the change: "* * * difficulty in pronouncing in English and are being continually misspelled by their associates and people with whom they have business * * *."

The record discloses that after the defendants began to sell furniture, a great deal of confusion developed. Deliveries from wholesalers intended for one company, being delivered to the other; telephone calls from customers, meant for one company being directed to the other; correspondence addressed to the wrong store; credit mix-ups with suppliers and customers; customers going to defendants' store in the belief that they were dealing with plaintiff; and in other ways a great deal of confusion developed.

The evidence also shows that through the years in which The Stern Furniture Company has continued to sell furniture, the word "Stern" has come to have a secondary meaning in the general district in which they have conducted their business, that is, that when the word "Stern" was used in connection with the purchase of furniture, The Stern Furniture Company was intended by the use of such word.

It is the claim of the plaintiff that by reason of the foregoing facts they are entitled to an order enjoining the defendants from using the name "Stern's" "Stern Brothers" "Stern Furniture" "Stern Bros. Co." in connection with their furniture business at 5420 Broadway in the City of Cleveland, Ohio.

The defendants' contentions with respect to this claim of plaintiff are:

1. That they are using a name that is rightfully theirs;
2. That they are not guilty of unfair trade practices;
3. That the plaintiff has been guilty of laches.

There is no evidence in this record that tends to establish that the defendants Eugene and Henry Stern, deliberately changed their surnames from Sternberg to Stern so that they could establish a furniture business in unfair competition with the plaintiff. These defendants and other members of the

family used the name "Stern" long before the furniture store was even considered. So, under the facts, the wilful intent to injure the plaintiff or to purposely take advantage of the established business reputation of the plaintiff, for the defendants' benefit, is not involved.

The name "Stern" is one of common use. The evidence discloses that many people have the surname "Stern". But such fact does not prevent a business organization from appropriating it to the conduct of its business in such a way and over a sufficient period of time, to acquire through continued and notorious use the ' exclusive right to use such name in connection with such business.

In **O. Jur., Vol. 39, page 380, parag. 34,** after stating that the general rule is that there is no exclusive right to a trademark in the name of a person, because such names are generic, and if there is no attempt to mislead, one has the right to use his family name commercially, the author says:

"* * * There are, however, exceptions to this general rule, and under certain circumstances the name even of a living person may be a good trademark. For example, it has been held that the name of the inventor or original maker of an article of traffic, if not used in a way which would be likely to deceive or defraud, will be protected as a trademark. Thus, the name 'Dr. Drake's German Croup Remedy' so-called, because the manufacturer and vendor, the plaintiff, obtained the formula from one Dr. August Drake, a German physician, the remedy having been made and sold by the plaintiff for ten years before the remedy of the defendants was brought before the public, in the same place, is a good trademark."

Again, in the same work, at page **408,** Section 67, it is said:

"Even though a word or a combination of words is incapable of becoming a valid trademark, yet if it has by a sufficiently long and exclusive use, acquired such a secondary meaning as to indicate in the trade that the goods to which it is applied are made by a particular manufacturer, or are put on the market by a particular vendor, its use by another on similar goods in such a way as to be likely to deceive purchasers, will be restrained as unfair competition, and its use even in its primary meaning will be so limited as to prevent the working of a probable deception by passing off the goods of one maker as those of another."

The case of **Hugo Stein Cloak Company v. The S. B. Stein & Sons Inc. 58 Oh Ap 377** is clearly in point. Here the plain-

tiffs who were in the retail clothing business had over a number of years publicized the word "Stein's" as a trade name. The defendant in conducting its jewelry business had used several names, including therein the name of "Stein" such as "S. B. Stein" "S. B. Stein, Jeweler" (and in 1931 upon incorporating the business) "The S. B. Stein & Son Inc." The original family name of S. B. Stein was Beckenstein which he changed to Stein in 1906. The defendant never used the name "Stein" as a trade-mark or trade-name in any way until 1936 when they remodeled the store front. The word "Stein" was then displayed on a large neon electric sign across the front of the store and a smaller neon sign displaying the word "Stein" on top of a clock near the edge of the sidewalk. The style of the letters in these signs very nearly assumed the general appearance of the plaintiff appellant's signs. The court held:

"Where plaintiff and defendant are corporations operating non-competing stores on the same streets in close proximity and the owners of each corporation bear the same family name of Stein, the plaintiff, which has used the name "Stein's" as a trade-name for a period of thirty years, has spent large sums of money in making that name known to the public and has had the name registered as a trade mark, may enjoin the defendant which has never used such trade name in its business until shortly before suit, from using such name in connection with its business."

And on page 382 the court said:

"Under the overwhelming weight of authority the appellant is entitled to protection against the use by another, of its established trade name and trade mark in such manner as to mislead the trade and the public to believe that when they are dealing with one they are dealing with the other, or, in such manner that such use results, or may result, in appropriation of the good will, a property right of the other—in the first case a fraud upon the public; in the second, an infringement of a property right. * * *"

(Citing many authorities in support of such rule.)

Nor is it a necessary requirement to entitle one to relief against another who is attempting to use its trade name or name which by reason of long notorious use has come to have a secondary meaning, that the newcomer should use and exactly copy such trade name. The rule was clearly stated in the case of Hostetter Co. v. Martinoni, 110 Fed. 524 where the court said in part:

"And it does not matter that the name of the newcomer is not precisely that of the established corporation. Indeed similarity and not identity is the usual recourse when one party seeks to benefit himself by the good name of another."

Many decisions have been cited by both sides seeking to support their respective contentions. No good purpose would be served to attempt to reconcile these cases. They come to their respective conclusions upon the peculiar facts and circumstances of each case. It must be concluded, however, upon examination of these authorities, that there is an exception to the general rule that one has a right to the commercial use of his surname, that is, that where through long and notorious use of a name it has come to have a secondary meaning any attempt of another to use such name or one so similar in character as to create confusion, the first user is entitled to injunctive relief from the unauthorized use of such name or names.

As was indicated above, the evidence in this case shows that; because of its long use by the plaintiff in the furniture business, the name "Stern" in that part of the City of Cleveland in which plaintiff conducts its furniture business, has come to mean "The Stern Furniture Company." Any unauthorized use therefore of the name "Stern" in connection with the furniture business in that general locality by a newcomer in that district would infringe upon the rights of the plaintiff.

We also find that the defendants' contention that the plaintiff has been guilty of laches in protecting its rights in the name "Stern" is not supported by the evidence.

The plaintiff's prayer for injunctive relief against the defendants in the use of the word "Stern" or "Stern Brothers" or "Stern Brothers Company" or "Stern Furniture" is granted and the defendants are enjoined from the use thereof in connection with their furniture business at 5420 Broadway or at any other place in the Broadway business district. Exceptions. Order See Journal.

HURD, PJ, MORGAN, J, Concur.