**UNITED ELECTRIC FIXTURE & SUPPLY CO., Plaintiff, v. UNITED ELECTRIC SUPPLY COMPANY, Defendant.**

Common Pleas Court, Cuyahoga County

No. 674485.   Decided June 4, 1956.

Harry J. Dworkin, Robert M. Lawther, for defendant.
Gottfried, Ginsberg & Guren, for plaintiff.

(RUTHERFORD, J, of Morrow County, sitting by assignment in the Common Pleas Court of Cuyahoga County.)

## OPINION

By RUTHERFORD, Judge.

In this action the Plaintiff, United Electric Fixture and Supply Co., a Corporation, seeks a permanent order perpetually enjoining the Defendant, United Electric Supply Company, a Corporation, from doing business in Cleveland or Cuyahoga County under its corporate name.

From the evidence and from the law applicable, the Court makes the following separate finding of facts and conclusions of law:

### FINDING OF FACTS

The United Lamp Company commenced business in 1910. The business was incorporated under the name of United Lamp Company in 1940, and in December, 1954, the corporate name was changed to United Electric Supply Company.

The United Electric Fixture and Supply Company commenced business in 1913 as a Corporation which was dissolved in 1920. A partnership then operated under the same name until the business was again incorporated under the name of United Electric Fixture and Supply Company in January, 1955.

Plaintiff's business has been continuously controlled by the Desberg family, and the Defendant's business has been continuously controlled by the Hyman family.

Plaintiffs are located at 1772 East 9th Street, Cleveland, Ohio, and are both wholesalers and retailers of electrical supplies.

Defendants are located two or three miles from plaintiffs, at 5805 Euclid Avenue, Cleveland, Ohio, and are wholesalers of electrical supplies.

The wholesale business of each is carried on principally in Cuyahoga County, sales being to department stores, manufacturers, contractors, hardware stores, retail electric stores, etc. Each have outside salesmen who make personal contact.

Neither manufactures any of the products its sells. Both are wholesalers of products most of which carry brand names of the manufacturers. In some instances, they have the same source of supply. For example, both are Class B dealers of General Electric.

The wholesale business of neither is appreciably larger than the other.

Both corporate names have been approved by the Secretary of State.

The evidence fails to establish that the defendants changed the corporate name from United Lamp Company to United Electric Supply Company in December, 1954, with any calculation or intent to induce persons to deal with them in the belief that they were dealing with the Plaintiff. The Court does find from the evidence that the purpose of the defendants in changing the name from United Lamp Company to United Electric Supply Company was neither calculated to deceive the public or to divert any of the plaintiff's business to the defendant or

to pass off defendant's business as being that of the plaintiff, but was for the purpose of making defendant's corporate name descriptive of the business engaged in, namely, electric supplies, of which lamps constituted only a portion.

The Court fails to find either from direct evidence or by reasonable inference any facts to establish either any financial loss or probability of future damage resulting to plaintiff from defendant's use of its corporate name.

In several months time there have been six or seven instances of confusion in delivery of mail or by suppliers. However, in the last three or four months prior to trial, evidence of such confusion is almost nil.

## CONCLUSIONS OF LAW

Under the facts, wilful intent to injure the plaintiff or purposely take advantage of the established reputation of the business of the plaintiff for the defendant's benefit is not involved. The facts show no evidence of calculation to deceive upon which an injunction could be granted. As to the remaining issue, whether or not there is sufficient tendency to confuse to warrant the granting of an injunction, the evidence shows the actual confusion to be inconsequential and trifling, and it is the Court's finding that the evidence showing confusion, either directly or by inference, is too meager and unconvincing to warrant the issuance of an injunction, as to which the burden of proof rests upon the plaintiff.

Since the defendant acquired the corporate name first, and there is no evidence that the plaintiff had made reservation of its name, the plaintiff cannot seek relief under the provisions of §1701.08 R. C., but must do so by principles of equity and the statutes providing relief by injunction.

Many cases have been cited by both sides, each of which have come to their respective conclusions upon the particular facts involved. Among these cases are those set forth in 115 A. L. R. 1241 et seq., 66 A. L. R 948 et seq., and from the Court of Appeals of this District, **Stern Furniture Co. v. Stern, 52 Abs 527,** and **Cleveland Opera Company v. Cleveland Civic Opera Association, 22 Oh Ap 400.** The latter two cases would be stare decisis if the facts were the same as those of the case now before the court. This court, however, believes that the case now being decided would be differentiated from those cited, first, because the word "United" has long been in use by both plaintiff and defendant, and the words "Electric Supply" which have been added, are typically descriptive of the business carried on; second, because in the cases cited. business was being done with the public in general, and the general public would be much less discriminating than the business organizations with whom plaintiff and defendant do business in the case before us.

The Court realizes that it is a fine line which is drawn between those cases in which an injunction is granted and those in which injunctive relief is denied, but does not find the evidence, either direct or by inference, of confusion or of the probability of confusion to be sufficiently strong to warrant the granting of an injunction. Neither has the evidence established that plaintiff has sustained damage or the probability

of any substantial damage to the plaintiff by defendant's continued use of its corporate name.

To deprive the defendant of the word "United" would appear to be an injustice, and to enjoin the defendant from using the descriptive words "Electric Supply" appears to be unwarranted under the law as applied to the facts determined from the evidence.

IT SHOULD THEREFORE BE ORDERED, That plaintiff's prayer for an injunction be denied, and a Journal Entry may be submitted accordingly. Court costs are to be taxed to Plaintiff.