**HOUSE OF BEAUTY, INC., Plaintiff, v. LUKAS et, Defendants.**

Common Pleas Court, Cuyahoga County.

No. 715117. Decided March 27, 1959.

C. F. & R. H. McConnell, Cleveland, for plaintiff.
Julian Cohen, Cleveland, for defendants.

## OPINION

By DANACEAU, J:

Beginning in June, 1955, plaintiff has been operating a beauty shop at 5349 Broadview Road in the city of Parma under the name of "House

of Beauty, Inc." Ever since July of 1958 defendants have been engaged in the same business in the same city of Parma, at 5770 Ridge Road, using the name of "Ridgewood House of Beauty." The defendants also took steps to incorporate and were granted articles of incorporation by the Secretary of State.

It appears from the evidence that plaintiff has been annoyed by very many calls, mostly by telephone, inquiring as to whether the Ridgewood House of Beauty was a branch of the business of plaintiff. On one occasion the laundry of plaintiff was delivered by mistake to the defendants' place of business. It also appears that some of plaintiff's customers were puzzled by the name but they were quite able to discriminate and to find their way to the desired beauty shop. It appears that the services in such shops are of a personal nature and that such personal services of the operator are of considerable significance. The use of the words "House of Beauty" was not original with plaintiff. There had been previously in existence in the city of Parma, at 5954 State Road, another main artery like Broadview and Ridge Roads, a beauty shop known as "Mary Ellen's House of Beauty" now no longer in business. Scattered throughout greater Cleveland are a large number of beauty shops with names that have incorporated therein the words "House of Beauty." Plaintiff acknowledges the wide spread use of the words "House of Beauty" in the surrounding community in the county, but asserts the right to the exclusive use thereof in the entire area of the city of Parma.

Words such as "Beauty Shop," "Beauty Parlor," "Beauty Salon," "Beauty House," or, in reverse, "House of Beauty," "Salon of Beauty," "Parlor of Beauty," "Shop of Beauty" are all descriptive of the beauty business.

Such words are generic, describe the nature of the business carried on, and, being in common use, may not be exclusively appropriated.

Words of common use are regarded as common property, "public juris," and may be used by others in combination with other descriptive words, provided they are not so used in combination with other descriptive words as to render it probable that they would mislead persons possessing ordinary powers of perception. This case is one where both parties have used, as have others, as part of their name, words of a generic significance, properly descriptive of their business. Neither has an exclusive right to its use.

The evidence in this case does not disclose a design to deceive or mislead the customers of plaintiff and there is no evidence of an actual loss of business by the plaintiff to the defendants resulting from the mere use by the defendants of the name "Ridgewood House of Beauty:" nor is there any evidence of a probable loss of business in the future for such reason.

The facts in this case are altogether different from those in the "Pickwick case," 79 Oh Ap 493, or of the Cleveland Opera case, 22 Oh Ap 400. They are more akin to the facts in the United Electric Fixture & Supply Co. v. United Electric Supply Co., 74 Abs 76, in which Judge Rutherford, sitting as a member of this court, held that—

"1. Where the evidence in an action seeking to enjoin defendant from doing business under its corporate name, United Electric Supply Co., fails to show that defendant changed its name with any calculation or intent to induce persons to deal with it in the belief they were dealing with the plaintiff, United Electric Fixture Supply Co., but was for the purpose of making defendant's corporate name descriptive of the business engaged in, and there was no direct evidence or reasonable inference of facts to establish either any financial loss or probability of future damage resulting to plaintiff by defendant's use of such name, and the evidence further shows the actual confusion caused by defendant's use of such name to be trifling, the court will not enjoin the use of the name by the defendant."

The subsequent corporate status of the defendant, Mary K. Lukas, as Ridgewood House of Beauty, Inc., is of little, if any, significance to the issues of this case. Had plaintiff been entitled to injunctive relief against the defendant, Mary K. Lukas, its right thereto would not be defeated by the fact that articles of incorporation in the name of Ridgewood House of Beauty, Inc., had been granted.

Upon consideration of the pleadings, the evidence, and the arguments of counsel, the Court finds that the plaintiff has not sustained its burden of proof to warrant the issue of an injunction.

Judgment will therefore be for the defendants.   O. S. J.